### E. L. GAGE v. C. L. NEVILL.

(No. 4037.)

APPEAL from Presidio County. Opinion by HURT, J.

*(Transferred from Austin.)*

A. V. D. OLD, counsel for appellant.

No counsel appeared for appellee.

§ 274. *Taxes; illegal action of board of equalization; illegally collected may be recovered back, when; case stated.* The purpose of this suit was to recover of appellee, as collector of taxes for Presidio county, an alleged excess of taxes on lands paid by appellant, under protest. It is alleged in the petition that the commissioners' court, sitting as a board of equalization, raised the assessed value of the lands without first classifying the said lands, and without giving notice of the meeting of said court for said purpose as required by law, and that appellee had notice of this unlawful action of said court when he demanded and collected said excess of taxes, and that appellant paid said excess under protest made at the time

of payment.  Exceptions to the petition were sustained, and the suit was dismissed.  *Held* error.  It is provided by statute, as preliminary to the exercise of the powers of the commissioners' court as a board of equalization to raise the assessment on property, to order the county clerk to give the person who rendered the property written notice that they desire to raise the value of the property rendered by him.  It is also made the duty of said board to cause the county clerk to give ten days' notice before their meeting in some newspaper published in the county, or, in case there be no newspaper published in the county, then by posting a written or printed notice in each justice's precinct, one of which must be at the court-house door.  [Act March, 1879, Gen. Laws 16th Leg. ch. 47, p. 44.]  The written notice to the person who rendered the property, and the ten days' notice before the meeting of the board, are conditions precedent to the right of the board to raise the assessment of any person's property.  It being alleged in the petition, and admitted by the exceptions thereto, that the notices required by the statute were not given, the action of the board of equalization in raising the assessment upon appellant's land was illegal, and the excess of taxes thereby caused was not lawfully collectible.  [Cooley on Taxation, pp. 216, 219, 265, 267, 291, 541; R. R. Co. v. Randolph, 24 Tex. 24.]  Appellant had the right to maintain a suit to recover the illegal taxes thus paid by him at any time before appellee was compelled by law to pay the same over to the state or county.

March 9, 1887.                    Reversed and remanded.